## 67119. GEORGIA POWER COMPANY v. MAXWELL.

BANKE, Judge.

This appeal follows a jury verdict for the plaintiff in a suit to recover pension benefits allegedly owed to her by defendant Georgia Power Company as a result of her deceased husband's previous employment there. The plaintiff originally alleged fraud as well as breach of contract; however, Georgia Power obtained summary judgment on this count prior to trial, and the plaintiff has not appealed that ruling.

The plaintiff's husband, Sam Maxwell, died of a heart attack at the age of 63, while employed as hydroelectric operator at the company's Tallulah Falls Power Plant. Mr. Maxwell had worked for the company for 37 years and was eligible to retire at any time and receive pension benefits. The company's retirement plan extended to each eligible employee the option, upon reaching a certain prescribed age, of designating a "provisional payee" to receive his or her benefits. Such a designation had the effect of providing for payment of survivor's benefits to the employee's spouse in the event of the employee's death, but also had the effect of reducing the amount of pension benefits to which the employee would otherwise have been entitled during the period of his or her retirement. The extent to which the employee's retirement benefits would be reduced by the election depended upon a number of factors, among them the spouse's age on the date the designation became effective and the particular payment option selected by the employee. There were two such payment options—the 50 percent option, under which the surviving spouse would receive, after the employee's death, 50

percent of the amount the employee was eligible to receive, and the 100 percent option, under which the surviving spouse received the same monthly benefit as the employee would have received. The reduction in the size of the employee's pension was, of course, greater under the 100 percent option than under the 50 percent option.

The retirement plan required that the designation of a provisional payee be made on an approved form, which was to be delivered to the company's retirement board. The company periodically called meetings of eligible employees for the purpose of explaining the availability of the survivor's benefit options, and the employees attending such meetings were furnished with copies of the approved form. There was normally a one-year waiting period before the designation of a provisional payee took effect; however, in 1971 all employees between the ages of 54 and 65 were given the option of designating a provisional payee without any waiting period.

On June 25, 1971, the company called a meeting of eligible employees working at the Tallulah Falls Power Plant, where Mr. Maxwell worked, for the purpose of advising them of their options. According to testimony presented at trial, those who attended the meeting were informed that if they did not designate a provisional payee, the company would assume they did not wish to do so. The official form nevertheless contained a space for the rejection of the provisional payee option.

Mr. Maxwell died in 1974, at the age of 63. Upon learning of his death, the company searched its records to determine whether he had designated a provisional payee and, finding no designation form in his file, determined that he had not. Accordingly, it took the position no survivor's benefits were payable to his wife.[1]

The plaintiff's breach of contract claim rests on two alternative theories — that her husband either designated her as his provisional payee on the proper forms, which were then misplaced by the company, or that his failure to make such a designation resulted from the company's breach of an implied duty to take steps reasonably calculated to make certain that its employees were properly informed of the requirement. In a special verdict, the jury found for the plaintiff on the basis of the latter of the two theories and awarded her damages in the amount of $20,000. *Held:*

---

[1] Under the Federal Pension Reform Act of 1974, a "qualified" pension plan which provides a life annuity benefit must provide at least a 50 percent survivor's benefit to the spouse of any participant who has been married for the one-year period ending on the annuity starting date; and this survivor's benefit applies automatically unless the employee elects otherwise. See 26 USCA § 401 (a) (11). Unfortunately, this legislation was not applicable at any time relevant to this litigation.

1. Given Mr. Maxwell's exemplary work background and his evident dedication to the company, as well as the other circumstances of this case, one might question the company's judgment in seeking to overturn the jury's award. However, our inquiry is limited to whether the company has any legal obligation to the plaintiff, and, unfortunately, we must conclude that no such obligation was established by the evidence.

The plaintiff urges us to uphold the verdict on the basis of OCGA § 13-4-23 (Code Ann. § 20-1104), which provides as follows: "If the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance." However, the central issue in this case is not whether Mr. Maxwell was prevented from complying with the terms of his contract with the power company but whether that contract ever created any obligation to his wife in the first instance. Indeed, the plaintiff's counsel appears to concede that no contractual obligation was established when he makes the following statement in this brief: "The jury found that plaintiff did not prove a contract; however, the jury decided from the evidence that the reason that plaintiff could not prove a contract was because the company did not act reasonably under the circumstances . . ."

2. Assuming *arguendo* that the power company could be held liable to the plaintiff for failing to take reasonable steps to inform her husband of the existence of the option to designate a provisional payee and of the consequences of failing to exercise that option, the only direct evidence of record is to the effect that the company did in fact provide him with this information. Testifying on behalf of the company, one of Mr. Maxwell's fellow employees stated unequivocally that Mr. Maxwell was present at the 1971 meeting at which the provisional payee options were explained. Although the plaintiff introduced evidence indicating that Mr. Maxwell sincerely believed his wife would be entitled to receive his pension benefits in the event of his death, there was no evidence which, strictly speaking, conflicted with this testimony regarding his presence at the 1971 informational meeting. Furthermore, it was shown that the closer an employee was to retirement when he designated a provisional payee, the smaller would be the resulting reduction in the amount of his pension payments. Thus, the plaintiff's husband had at least some incentive for delaying the exercise of the option.

3. Finally, even if it be assumed that the company failed to provide the plaintiff's husband with adequate information and advice regarding the provisional payee option and that this failure constituted a breach of duty giving rise to a claim for damages on the part of the plaintiff, there was no evidence from which the amount of

her damages could be determined with reasonable certainty, as no evidence was introduced to establish her life expectancy. In a contract action, "[t]he burden is on the plaintiff to show both the breach and the damage (cit.) and this must be done by evidence which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages. [Cits.] It cannot be left to speculation, conjecture, and guesswork. [Cit.]" *Bennett v. Associated Food Stores,* 118 Ga. App. 711 (2), 716 (165 SE2d 581) (1968).

4. Based on the foregoing, we have no choice but to reverse the judgment on the trial court. The defendant's remaining enumerations of error are rendered moot by this ruling.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 2, 1983 —
REHEARING DENIED DECEMBER 16, 1983 — ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*J. Kirk Quillian, Fordham E. Huffman,* for appellant.
*C. David Wood, Mobley F. Childs,* for appellee.